# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

**BRUCE MURRAY**                                                            **PLAINTIFF**

v.                                **No. 2:15-cv-31-DPM**

**UNION PACIFIC RAILROAD COMPANY**                   **DEFENDANTS**

## ORDER

The Court understands why Union Pacific is taken back by Mr. Shelton's representation in this matter. Mr. Shelton was an associate at Friday, Eldredge & Clark for several years. He spent almost all his time there defending this Railroad in FELA and crossing accident litigation. Under the Arkansas Rules of Professional Conduct, it's clear that Mr. Shelton would be disqualified if this case involved those types of claims. It doesn't. Union Pacific's motion to disqualify him and his new law firm in this case, № 8, is denied.

The Court agrees with the legal analysis in Murray's response. The issues in this employment case are not substantially similar to the kinds of issues Mr. Shelton handled everyday in the FELA litigation. ARKANSAS RULES OF PROFESSIONAL CONDUCT 1.9. Nor is there an appearance problem that

disqualifies him or his firm. A reasonable member of the public, or of the bar, would not see an impropriety in Mr. Shelton's representing Murray against the Railroad in this case: all Mr. Shelton's prior work for Union Pacific involved personal injuries on the job or at grade crossings, not employment discrimination. *State of Arkansas v. Dean Foods Products Co., Inc.*, 605 F.2d 380, 385 (8th Cir. 1979), *overruled on other grounds in In re Multi-Piece Rim Products Liability Litigation*, 612 F.2d 377 (8th Cir. 1980). The Court is not persuaded that what Mr. Shelton learned about how Union Pacific conducts its litigation or its business will give Mr. Shelton and his firm any real advantage here. And the Railroad's argument about his exposure to the company's culture is just too general to justify disqualification.

So Ordered.

*D.P. Marshall Jr.*
United States District Judge

11 June 2015