IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

BRUCE MURRAY                                                                    PLAINTIFF

v.                                    No. 2:15-cv-31-DPM

UNION PACIFIC RAILROAD COMPANY                                  DEFENDANT

ORDER

The Court appreciates Union Pacific's expedited response to Murray's motion to nonsuit his case. The motion, № 39, is granted on conditions.

After balancing all the material circumstances, the Court concludes that Murray is entitled to a do-over in state court. FED. R. CIV. P. 41(a)(2); *Kern v. TXO Production Corp.*, 738 F.2d 968, 971–73 (8th Cir. 1984); *Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc.*, 187 F.3d 941, 950–51 (8th Cir. 1999). While this case has moved forward with commendable alacrity, almost all the work can be recycled if Murray re-files. Union Pacific hasn't pointed to any costs incurred that will be lost. Its work on the Title VII claim isn't lost; the nonsuit will, in effect, equal a win for the railroad on that redundant federal claim. No judicial time has been wasted—various preliminary issues have been clarified and resolved. Both parties are right on the state-law issues: federal courts have long assumed that Arkansas would follow federal law on retaliation

claims under the Arkansas Civil Rights Act; but there's no definitive word from the Arkansas Supreme Court; and that Court does have the final say. There may be some difference in federal and state law — the parties are at least entitled to argue this point and get a definitive answer. The pre-trial filings are imminent, not done yet. Union Pacific hasn't been put to a trial. Though it has filed a comprehensive motion for summary judgment, that motion isn't ripe, much less decided in the railroad's favor. Finally, the Court notes that Union Pacific apparently still employs Murray. Perhaps the relationship will heal without further litigation.

  The conditions. First, Murray is bound to his stipulation, *№ 40 at 4*, that all discovery in this case may be used in any re-filed case. Second, Union Pacific may file a list of any Rule 54(d) costs incurred in this case that it believes will be lost in the nonsuit. List due by 12 January 2016. Murray may respond within three calendar days of the railroad's filing. The Court will take silence as acquiescence. The Court will resolve any dispute and make an award, if need be. Third, Union Pacific will incur some duplicative attorney's fees in distilling its federal court papers into state form and substance. A reasonable number for those fees is $1,575 — seven hours at an average rate of

$225. The Court requires Murray to pay Union Pacific any lost costs awarded, and the extra fees, within thirty days of re-filing his case. If he doesn't do so, the railroad may move the Court to amend the Judgment to reflect both; the Court will; and the railroad may then execute on the Amended Judgment. *Kern*, 738 F.2d at 972. With the stipulation and the reimbursement, there's no real prejudice to the railroad in Murray's nonsuit.

* * *

Motion for nonsuit, № 39, granted with conditions. Motion for summary judgment, № 31, denied without prejudice as moot. The Scheduling Order, № 22, is suspended. The March 2016 trial is canceled. Union Pacific's cost list due by 12 January 2016. Murray's response due within three calender days after the railroad files.

So Ordered.

                                  *DPMarshall Jr.*
                                  D.P. Marshall Jr.
                                  United States District Judge

                                5 January 2016